Loring, J.,
delivered the opinion of the court:
The learned counsel for the petitioner rested their ease on a contract between him and the United States, and the point is stated in their brief as follows : “ By the advertisement for designs, the submission by the plaintiff of the stamp, and the adoption and use thereof by the Government, an implied contract was created, and the defendant is bound to pay a reasonable compensation for the use of the invention.”
We think the answer to this is that made at the bar, that the Government did not use the petitioner’s stamp nor contract with him.
The evidence shows that both the petitioner and Spencer M. Clark were original inventors of the same mechanical contrivance in the form of a stamp. But their several inventions were distinct things, for they had different origins, and grew to their completion under different experiments and circumstances, and had different ownerships, for each invention was the property in possession of its inventor, who could use it himself and contract in relation to its use, till a patent was issued vesting exclusive rights in the patentee; and we think it clear on the facts stated that the paid whisky-stamp used by the Government was the invention and property of Clark, for which,, in September, 1868, no patent existed, and which he was free to deal with at his pleasure, and which then, by express agreement with the officers of the Interior Department, he licensed the United States to use without cost; and as all the use of the Government was under this express contract with Clark for his invention, it was not under the implied contract with the petitioner, which he founds on the advertisement for a design and his submission of one and the use of it by the United States. On this part of *758 tbe case, which excludes all reference to a patent and its effects, we think an implied contract at the common law is not made out.
The'second point of the learned counsel for the petitioner is thus stated in their brief:
“ The invention was the property of the plaintiff, as well before as after he had received his patent, and the Government had no more right to use his invention without compensation than any private individual.”
But the petitioner had no exclusive rights in his invention till he had obtained his patent; and if any rights accruing to him by that have been infringed, the remedy is not within our jurisdiction. 1